IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIDUCARY SECUNDA WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-539-G-BN |
| | § | |
| GREYHOUND COM ETC EMPLOYEES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Without paying the statutory filing fee, Plaintiff Fiducary Secunda Williams filed *pro se* civil complaint. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

A district court is required to screen a civil complaint filed *in forma pauperis* and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir.

2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted). "[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

A review of Williams's filing reflects that it presents allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal of the complaint with prejudice.

## Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE